UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at FRANKFORT

CRIMINAL ACTION NO. 04-04-JMH

UNITED STATES OF AMERICA,                                        PLAINTIFF,

V.        **MAGISTRATE JUDGE'S REPORT
            AND RECOMMENDATION**

WILSON R. CUNIGAN,                                               DEFENDANT.

## I. INTRODUCTION

Defendant, Wilson R. Cunigan, a prisoner currently incarcerated at the Federal Correctional Institution in Cumberland, Maryland, acting pro se, has tendered herein what has been construed by the Court as a Motion to Vacate, Set Aside or Correct, arising under 28 U.S.C. § 2255. [R. 61, 62]. Consistent with local practice, this matter has been referred to the undersigned for preparation of a report and recommendation pursuant to 28 U.S.C. § 636 (B)(1)(B). The Defendant challenges herein the sentence imposed in Frankfort Criminal Action 04-04-JMH, United States v. Cunigan. The Plaintiff has responded by claiming that the Defendant's Motion to Vacate is untimely and filing a Motion to Dismiss. [R. 64]. The Defendant was granted thirty days in which to reply to the Plaintiff. [R. 66]. The Defendant's time for filing a reply having expired, this matter is ripe for review.

For the reasons stated herein, this Court recommends that the Defendant's Motion to Vacate [R. 61] be DENIED, and that the Plaintiff's Motion to Dismiss [R. 64] be GRANTED.

## II. PROCEDURAL BACKGROUND

On February 5, 2004, the Defendant was indicted in Frankfort Criminal Action Number 04-04-JMH, for conspiracy to distribute more than five grams of methamphetamine. [R. 1]. The Defendant entered into a plea agreement and plead guilty to two counts; on August 18, 2004, he was

sentenced to seventy months of imprisonment and four years of supervised release. [R. 33, 55]. The Defendant did not appeal.

On November 26, 2007, the Defendant filed the present action. [R. 61]. The Defendant's action was formerly construed as a petition arising under 28 § U.S.C. 2241, and was docketed as Frankfort Civil Case Number 07-69-KKC. On January 8, 2008, Judge Karen Caldwell ordered that the Defendant's case be construed as a 28 U.S.C. § 2255 Motion to Vacate, and that said motion should be re-docketed in the original criminal case. The Clerk complied with Judge Caldwell's order, and consistent with local practice, the matter was referred to the undersigned for preparation of a report and recommendation.

In his Motion to Vacate, the Defendant argues that he was improperly sentenced to four years of supervised release. [R. 61 at 5]. The United States did not respond to this contention, but filed a Motion to Dismiss, [R. 64], in which they claim that the Defendant's Motion to Vacate under § 2255 is untimely. The Defendant was granted 30 days to respond to the Plaintiff's Motion to Dismiss, but did not file a response; this matter is, therefore, ripe for review.

### III. ANALYSIS

Under 28 U.S.C. § 2255, a prisoner in federal custody may file a motion to vacate, set aside, or correct a sentence. Motions under § 2255 have a one-year statute of limitations. The statute of limitations period runs from the latest of:

(1) *the date on which the judgment of conviction becomes final*;
(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and

>    made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f) (emphasis added). In the case at bar, the Defendant has not shown that any of the conditions listed in § 2255(f)(2)-(4) are present, and so this Court finds that the statute of limitations began to run on the date upon which the Defendant's conviction became final.

The Defendant was sentenced on August 18, 2004, and United States District Judge Joseph M. Hood entered judgment on that date. [R. 55]. The Defendant did not appeal his sentence.

> Although reasonable judges might differ, the language of § 2255 appears clearly to require that, for statute of limitations purposes, an unappealed district court judgment of conviction becomes 'final' ten days after the entry of judgment, at least where the defendant has not actually sought an extension of appeal time for good cause or excusable neglect.

Sanchez-Castellano v. United States, 358 F.3d 424, 426 (6th Cir. 2004); see also United States v. Cottage, 307 F.3d 494, 499 (6th Cir. 2002). The dissenting judge in Sanchez-Castellano advocated giving defendants a slightly longer period of time, in order to include a thirty-day excusable neglect period. Id. at 428-29 (Cohn, District Judge, dissenting).

Even under the more generous standard advocated by the dissent in Sanchez-Castellano, the Defendant's motion in the present case was filed well outside the statute of limitations. Based on the rule that a conviction becomes "final" ten days after entry of judgment, the Defendant's conviction in the present case became final on August 28, 2004. The Defendant did not file the current motion until November of 2007, a full three years after his conviction became final, and two years after the statute of limitations expired. The Defendant has not shown any extraordinary circumstances that would justify tolling the limitations period, nor has he alleged that any of the conditions listed in § 2255(f)(2)-(4) exist.

3

The Defendant's Motion to Vacate under § 2255 was made outside of the one-year statute of limitations, and thus, should be dismissed. Since this Court recommends dismissal based on failure to comply with the applicable statute of limitations, the Court will not address the merits of the Defendant's Motion.

### IV. CONCLUSION

Accordingly, and for the reasons stated above, it is hereby recommended that the Defendant's Motion to Vacate [R. 61], be DENIED, and that the Plaintiff's Motion to Dismiss [R. 65], be GRANTED.

Specific objections to this Report and Recommendation must be filed within ten (10) days from the date of service thereof or further appeal is waived. United States v. Campbell, 261 F.3d 628, 632 (6th Cir. 2001); Bituminous Cas. Corp. v. Combs Contracting Inc., 236 F. Supp. 2d 737, 749-750 (E.D. Ky. 2002).  General objections or objections that require a judge's interpretation are insufficient to preserve the right to appeal. Cowherd v. Million, 380 F.3d 909, 912 (6th Cir. 2004); Miller v. Currie, 50 F.3d 373, 380 (6th Cir. 1995).  A party may file a response to another party's objections within ten (10) days after being served with a copy thereof. 28 U.S.C. § 636(b)(1)(C); Rule 72(b), Fed. R. Civ. P.

Signed April 29, 2008.



**Signed By:**
*Edward B. Atkins*  *EBA*
**United States Magistrate Judge**